**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PORFIRIO TAPERIA RODRIGUEZ,<br>Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | Civil No.: 2:26-cv-04864 |
| | : | |
| J.L. JAMISON, et al., | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this        17th        day of July, 2026, upon consideration of the Verified

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1), and the

Government's Notice and Response in Opposition to Petition for Writ of Habeas Corpus (ECF No.

3), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED**[1] as follows:

---

[1] Mr. Taperia Rodriguez ("Petitioner") is a native of Guatemala and has resided in the United States since he entered on or about 2013. *See* Pet. for Habeas Corpus ¶¶ 1-2. Petitioner is the father of a lawful permanent resident son and operates his own business, Santos Tree Service. *Id.* at ¶ 3. He further represents that he has never been arrested at any time, in any jurisdiction worldwide. *Id.* at ¶ 4. On July 11, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE"). *Id* at ¶ 5. Petitioner asserts ICE provided no explanation for his detention and conducted no individualized assessment of whether he posed a flight risk or danger to the community. *Id.* at ¶ 6. As a result, he contends that he has been detained without due process. *Id.* He further alleges that he has remained in custody without any opportunity to appear for a bond hearing. *Id.* Petitioner is presently detained at the Federal Detention Center in Philadelphia, Pennsylvania. *Id.* at ¶ 7.

The Government counters and argues that Mr. Taperia Rodriguez is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and Mr. Taperia Rodriguez's detention does not offend due process. The overwhelming majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Government further asserts that Petitioner is "seeking admission" and is thus covered by § 1225(b)(2). Under *Wisconsin Central. Ltd. v. United States*, 585 U.S. 274, 277 (2018), statutory terms must be interpreted according to their ordinary meaning at the time of enactment. The

1.      Mr. Taperia Rodriguez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.      The Government shall **RELEASE** Mr. Taperia Rodriguez from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on July 20, 2026;

3.      If the Government chooses to pursue re-detention of Mr. Taperia Rodriguez pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

terms of § 1225(b)(2) support limiting the provision to noncitizens just arriving to the United States or those that have recently arrived. *Ndiaye v. Jamison*, 2025 WL 3229307, at *5 (E.D. Pa. Nov. 19, 2025). As Judge Sánchez explained, "seeking admission" is an "affirmative, present-tense" phrase that implies affirmative conduct by a noncitizen. *Id.* This interpretation is incompatible with applying the term to all noncitizens already living in the United States. *See id. See also Kashranov v. Jamison*, 2025 WL 3188399, at *1 (E.D. Pa. Nov. 14, 2025).

This Court is not persuaded by the Government's argument and instead, it aligns with the extensive body of decisions nationwide and with Judge Douglas' dissent in *Buenrostro-Mendez*, which criticized the majority for distorting the statutory text, ignoring context and history, and disregarding the Supreme Court's understanding of the statutory scheme. *Buenrostro-Mendez v. Bondi*, F.4th, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026); *Ndiaye*, 2025 WL 3229307, at *4-8; *Singh v. Baltazar*, 2026 WL 352870, at *4-6 (D. Colo. Feb. 9, 2026); *Castañon-Nava*, 161 F.4th at 1062; *Buenrostro-Mendez*, 2026 WL 323330, at *10-18 (Douglas, J., dissenting).

The Court concludes that Mr. Taperia Rodriguez's mandatory detention without the opportunity for a bail hearing is unlawful. Accordingly, the Petition for Writ of Habeas Corpus is **GRANTED**.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.